IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | |
|---|---|
| JOHN RAY MELCHER § | |
| § | |
| VS. § | CIVIL ACTION NO. G-13-388 |
| § | |
| MATTHEW DRAKE WIGGINS, JR. § | |
| and CITY OF KEMAH § | |

## OPINION AND ORDER

On April 21, 2014, the Court, as expressly allowed by Rule 12(d) of the Federal Rules of Civil Procedure, converted the Motion to Dismiss of Defendant, Matthew Drake Wiggins, Jr., into a Motion for Summary Judgment for the sole purpose of determining the date upon which Plaintiff, John Ray Melcher, lost his interest in the Texas Avenue property in Kemah, Texas, made the basis of his lawsuit. On May 13, 2013, Wiggins submitted authenticated records which prove that Melcher lost all interest in the property through a foreclosure sale on June 2, 2009. That evidence, in turn, proves that Melcher's alleged RICO cause of action against Wiggins accrued on that date and his lawsuit, filed on October 27, 2013, is time-barred under the four-year statute of limitations applicable to RICO claims. Rotella v. Wood, 147 F.3d 438, 439-40 (5th Cir. 1988, aff'd, 528 U.S. 549 (2000))  Melcher's averment that he did not discover Wiggins' RICO scheme until May 2013 is irrelevant since Rotella holds that limitations begin running upon the discovery of the injury in question, here, Melcher's loss of the property. Moreover, as Wiggins points out in his Reply, Melcher's most recent

affidavit alleges factual knowledge he acquired in 2009 which clearly should have prompted him to diligently investigate the circumstances surrounding his loss of the property.

It is, therefore, **ORDERED** that the converted Motion to Dismiss (Instrument no. 14) of Defendant, Matthew Drake Wiggins, Jr., is **GRANTED** and the RICO claim asserted against Wiggins by Plaintiff, John Ray Melcher, is **DISMISSED**.

**DONE** at Galveston, Texas, this ____23rd____ day of May, 2014.

John R. Froeschner
United States Magistrate Judge