IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| JOHN RAY MELCHER | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-13-388 |
| | § | |
| MATTHEW DRAKE WIGGINS, JR. | § | |
| and CITY OF KEMAH | § | |

## OPINION AND ORDER

Having given careful consideration to the Motions of Plaintiff, John Ray Melcher, for relief pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure, this Court remains convinced that its earlier actions were correct.

Melcher's Rule 59(e) Motion will be construed as a Motion to Vacate the Final Judgment. Edward H. Brolin Co., Inc. v. Banning Co., Inc., 6 F.3d 350, 355 (5th Cir. 1993) ("Rule 59(e) has been interpreted as covering motions to vacate judgments, not just motions to modify or amend."  citing, Foman v. Davis, 371 U.S. 178, 181 (1962))  The Motion appears to be untimely; however, Melcher argues that the deadline should be extended because neither he nor his newly intended attorney had access to the Clerk's Office via electronic filing for the final seven hours of the day of the deadline.  This Court is hesitant to accept Melcher's reasoning because it creates the potential for "last minute" manipulation of the Rule's time requirement, but the propriety of Melcher's theory can wait for another case.  In the opinion of this Court, it correctly applied the law to the facts

in the case before it and reached the proper result:  Melcher's claims were time-barred.  Melcher's Rule 59(e) Motion is without merit.

Relief under Rule 60(b) is an extraordinary remedy and the requirements of the rule must be strictly met.  <u>Longden v. Sunderman</u>, 979 F.2d 1095, 1102 (5th Cir. 1992)   The only truly arguable basis for Melcher's request for relief under this Rule would be "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."  But, this ground for possible relief was actually addressed, albeit in a different context, in this Court's pre-judgment rulings on the Defendants' limitations defenses.  This Court is not now convinced by Melcher's submissions that it would have reached any other result than it did.  <u>Brown v. Petrolite Corp.</u>, 965 F.2d 38, 50 (5th Cir. 1992) ("Newly discovered evidence justifies relief . . . only if the evidence . . . clearly would have produced a different result if presented before the original judgment.")

It is, therefore, **ORDERED** that the "Motion to Alter or Amend the Judgment Pursuant to Rule 59(e) or, in the Alternative, Motion for Relief from Judgment Pursuant to Rule 60(b)" (Instrument no. 27) of Plaintiff, John Ray Melcher, is **DENIED**.

It is further **ORDERED** that Melcher's "Motion for Leave to Respond/Reply to Defendants' Sur-Reply" (Instrument no. 36) is **DENIED as moot**; the Court offers no opinion on the viability of any claims Melcher may have, if any, against any other persons relating to the subject matter of this lawsuit.

It is further **ORDERED** that Melcher's "Motion for Leave to File Second Amended Complaint" (Instrument no. 28) is **DENIED as moot**.

**DONE** at Galveston, Texas, this <u>    25th    </u> day of August, 2014.

<u>                                        </u>
John R. Froeschner
United States Magistrate Judge